IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Janet Kaye Hammar,         ) | |
|                Plaintiff,  ) | |
| v.                         ) | No. 05 C 4245 |
| A & R Transport, Inc.      ) | |
|                Defendant.  ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of an automobile accident in Madison County, Ohio on April 7, 2005. Janet Hammar ("plaintiff") and her husband, Gary Hammar were allegedly struck by a tractor-trailer owned by A & R Transport, Inc. ("defendant") while driving in the eastbound lane on Interstate 70. Gary Hammar was killed in the accident. Plaintiff brought this action on behalf of herself and the estate of her husband as a diversity action under 28 U.S.C. § 1332. The claims include a general negligence claim and a negligent hiring, supervision, and retention claim. The claims brought on behalf on Gary Hammar have since been dismissed. The remaining claims seek damages for plaintiff's personal injuries and for loss of consortium. Plaintiff is a citizen of Indiana and defendant is an Illinois corporation. The driver of the truck, Howard Tryon, is an Indiana resident, but was not named as a party to this suit. Defendant now moves to transfer this case to the U.S. District Court for the Southern District of Ohio in Columbus.

This court may transfer venue to another district court for reasons of convenience when it is "in the interest of justice." 28 U.S.C. §1404(a). The moving party must show that (1) venue is proper in this district, (2) venue is proper in the transferee district, and (3) the transferee district is more convenient for both the parties and witnesses and serves the interest of justice. *College Craft Co., Inc. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). The only issue disputed by the parties is whether the Southern District of Ohio is a more convenient venue for this action.

In determining whether a forum is more convenient, I consider both the private interest of the parties and the public interest of the court. The factors to be evaluated in determining the private interests of the parties include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Id.* The factors to be evaluated in assessing the public interest of the court include the court's familiarity with the applicable law and concerns relating to the efficient administration of justice. *Id.* at 1056. In order to transfer a case, the balance of the factors must weigh heavily in favor of the moving party and not merely shift the inconvenience from one party to another. *Fink v. Declassis*, 738 F. Supp. 1195, 1198 (N.D. Ill. 1990).

2

## I. Plaintiff's Choice of Forum

Mrs. Hammar has chosen to litigate this matter in the Northern District of Illinois. A plaintiff's choice of forum is generally given deference, but that deference is lessened when the choice of forum has no connection to the material events in question. *Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Pansophic Sys., Inc. v. Graphic Computer Service, Inc.*, 736 F. Supp. 878, 880 (N.D. Ill. 1990). This forum does not have any connection to the automobile accident, which took place in Ohio, but does have a connection to the negligent hiring claim because defendant is an Illinois corporation making hiring decisions in Illinois. Although the accident is the primary basis for plaintiff's claims, the connection to this forum through the negligent hiring claim is sufficient to entitle plaintiff's choice of forum to deference. This factor weighs in favor of denying transfer.

## II. Situs of Material Events

In regard to plaintiff's negligence claim, the material events of the accident occurred exclusively in Ohio. In regard to plaintiff's negligent hiring claim, at least some of the material events occurred in Illinois and involve an Illinois corporation. Because the accident is the primary basis for plaintiff's claims, this factor weighs in favor of transfer.

3

### III. Convenience of the Parties

The plaintiff resides in DeMotte, Indiana, which is approximately 65 miles from Chicago and approximately 300 miles from Columbus, Ohio. Plaintiff has argued that a trial in Columbus would be inconvenient. Defendant is an Illinois corporation with its principal place of operation in Joliet and does not argue that the Northern District of Illinois is an inconvenient forum for it as a party. This factor weighs in favor of the denying transfer.

### IV. Convenience of the Witnesses

In assessing this factor, "a court should not limit its investigation to a review of which party can produce the longer witness list. Rather, a court should look to the nature and quality of the witnesses' testimony with respect to the issues in the case." *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1168 (N.D. Ill. 1995). Additionally, the court should focus on non-party witnesses because it is to be assumed that party witnesses will appear voluntarily. *FUL Inc. v. Unified School District No. 204*, 839 F. Supp. 1307, 1311-12 (N.D. Ill. 1993).

Plaintiff lists a series of witnesses it wishes to call at trial for whom it argues that the Northern District of Illinois is a more convenient forum. Plaintiff's witnesses include: her supervisor, George Brennan, who will testify about changes in plaintiff since the accident; her treating physician in Indiana, Dr. David VanderLugt, who practices 65 miles from Chicago and will

4

testify to the extent of her injuries; the driver of the tractor-trailer, Howard Tryon, who resides in Terre Haute, Indiana (225 miles from Chicago and 250 miles from Columbus); her accident reconstructionist, Stephen Neese, who is located 35 miles from Chicago; her private investigator, Bernard Johnsen, who is located 40 miles from Chicago; and various family members who reside in Indiana. Additionally, plaintiff lists nine witnesses employed by defendant that reside in Illinois that she intends to call in order to establish her negligent hiring claim. Plaintiff points out that these employees and other related discovery materials would be outside of the subpoena power of the Ohio court.

On the other hand, defendant argues that the Southern District of Ohio would be a more convenient forum for the "at least five eye witnesses to the accident," the investigating officers, emergency paramedics, and other Ohio residents who would be witnesses. Defendant points out that these witnesses and other related discovery materials that are located in Ohio would be outside the subpoena power of this court if the motion to transfer is denied.

As the moving party, defendant has the burden of showing that the inconvenience to witnesses merits transfer. Defendant's motion is full of conjecture about potential witnesses. For example, the motion for transfer states that "there is a great likelihood that at least 10, and as many 20, or even more, Ohio residents will be called as witnesses." Defendant's motion does not, however, state

5

the name of a single witness it intends to call and is lacking in information that would allow this court to understand the nature and quality of the witness testimony.[1] Another example is that defendant states "the medical condition of the Defendant's driver, Howard Tryon, will be one of the critical issues in this case" and implies that medical professionals from Ohio and Indiana will be called to testify as to that condition. Defendant does not state who these medical professionals are or what the nature of their testimony will be, however. As a result, the court has no basis for determining the relevance and importance of this medical testimony.

Overall, Defendant has failed to meet its burden of showing that the inconvenience to these non-party witnesses support its motion to transfer. *See* CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3851, 3d ed. 1998) ("If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied."); *General Portland Cement Co. v.*

---

[1] Plaintiff in her response, however, has attached a copy of the police report containing the statements of the five witnesses to the accident. A review of these statements shows that the witnesses essentially agree that defendant's truck veered across the interstate and struck plaintiff's vehicle and indicates that the calling of all five witnesses would be cumulative.
    Some combination of emergency paramedics, medical personnel, and investigating officers comprise the rest of the 10 to 20 potential witnesses, but defendant has not provided any specificity as to who these people are.

*Perry*, 204 F.2d 316 (7th Cir. 1953)("The party seeking the transfer of a case must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."). Furthermore, even though many of plaintiff's listed witnesses may ultimately prove unnecessary, plaintiff has still listed numerous voluntary witnesses that would be inconvenienced by a transfer to Ohio. Granting a transfer would merely shift the inconvenience to those witnesses and shift the potential difficulties of securing live witness testimony to the plaintiff. This factor weighs in favor of denying transfer.

## V. Interests of Justice

Defendant argues that the interests of justice support transfer because Ohio law will almost certainly be applied and that Illinois has no connection to this matter except for it being the state of incorporation of the defendant. The fact that the accident occurred in Ohio and the negligence claim will likely be governed by Ohio law do weigh in favor of transfer. To say Illinois has no interest in this claim, however, overstates the matter. In making its argument, defendant has ignored plaintiff's negligent hiring claim. This claim focuses on the hiring decisions of an Illinois company and may be governed by Illinois law. *See e.g. Guillermo v. Brennan*, 691 F. Supp. 1151, 1156 (N.D. Ill. 1988); *York Ins. Co. v. Schultz*, 307 F. Supp. 2d 108, 110-112 (D. Me. 2004).

Overall, the balance of factors in this case weighs in favor of retaining this case in the Norther District of Illinois. Accordingly, defendant's motion to transfer is denied.

**ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: November 29, 2005